SARAH M. HADLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 21570.   Promulgated February 27, 1930.

*D. H. James, Esq.,* and *William J. Byrne, Esq.,* for the petitioner.
*Jeff T. Jones, Esq.,* for the respondent.

OPINION.

SEAWELL : The evidence shows that additional income taxes for the years in issue, in the aggregate amount of $1,166.66, were duly and regularly assessed against August B. Meyer, deceased, on the Commissioner's February 1925 list. It further appears that notice and demand for the payment of the same were duly and regularly made on April 10, 1925.

The Commissioner's deficiency letter was mailed September 28, 1926, and the petition herein was filed November 27, 1926.

No statute of limitations operated as a bar to the assessment of February, 1925, and the deficiency letter was mailed to the transferee, petitioner, within the time prescribed therefor by law, the Revenue Act of 1926, section 280 (b) (2), providing that when taxes have been assessed against the taxpayer within time and prior to February 26, 1926, the Commissioner can assess the taxes against the transferee within one year after February 26, 1926.

The Commissioner's deficiency letter and the appeal therefrom were both within one year after the enactment of the Revenue Act of 1926. There is, therefore, no statute of limitation barring the assessment and collection of the proposed assessment of the tax deficiencies. It is, however, insisted in the brief on behalf of the petitioner that section 280 of the Revenue Act of 1926 is unconstitutional. We do not deem it necessary to discuss this contention.

We have heretofore held that transferees who take advantage of section 280 of said Act by appealing to this Board can not question its validity in such proceedings. *Henry Cappellini et al.*, 14 B. T. A. 1269; *D. E. Wheeler*, 16 B. T. A. 96. See also *Routzahn v. Tyroler*, 36 Fed. (2d) 208.

The petitioner contends she can not be held liable for the full amount of the tax proposed to be assessed against her because she is not the sole distributee of the assets of the estate of August B. Meyer, deceased.

This question of law has been several times adjudicated by the Board and against the contention of the petitioner. *Grand Rapids National Bank*, 15 B. T. A. 1166; *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; *Robert N. Parrett*, 15 B. T. A. 1313; *Henry Cappellini et al.*, 16 B. T. A. 802; *W. O. Menger et al.*, 17 B. T. A. 998; *Charles D. Jaffee et al.*, 18 B. T. A. 372.

The petitioner also claims she should not be held liable because all the assets of the estate of August B. Meyer have been distributed and the administration of the estate closed by final decree in the Probate Court of Marion County, Indiana.

The record shows the taxes sought to be assessed against petitioner were assessed against August B. Meyer, deceased, and were

not paid by his administrator and are still unpaid, the administrator having administered the estate and been discharged by the Indiana probate court and now has none of the assets of the estate in his hands.

The petitioner as transferee is shown by stipulation to have received assets of the decedent sufficient to satisfy the tax claim of the Government and the fact that the decedent's administrator has passed his accounts as such and been discharged by the Indiana probate court does not, in our opinion, relieve or release the petitioner from the liability and obligation, imposed by the statute, to pay the taxes asserted against her in the proceedings.

The Commissioner committed no error in his determination of petitioner's tax liability and, accordingly,

*Judgment will be entered for the respondent.*